**FORMAN HOLT ELIADES & RAVIN LLC**
80 Route 4 East, Suite 290
Paramus, New Jersey 07652
(201) 845-1000
Harry M. Gutfleish (HMG-6483)

**LEVI LUBARSKY & FEIGENBAUM LLP**
1185 Avenue of the Americas, 17th Floor
New York, NY  10036
(212) 308-6100
Andre G. Castaybert

*Co-Counsel for Ravi Dattatreya*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | : Misc. No. 2:11-cv-01057 (PGS)(ES) |
| Plaintiff, | : |
| vs. | : (Case Pending in the District of Delaware) : (Civil Action No: 1:09-cv-00434-GMS) |
| STANLEY MANN, THE STANLEY MANN 2007 INSURANCE TRUST, CHRISTIANA BANK & TRUST CO., as Trustee, and JOHN DOES 1-10, | : |
| Defendants. | : |

### CERTIFICATION OF ANDRE CASTAYBERT, ESQ.

I, Andre G. Castaybert, certify under penalty of perjury that:

1.   I am of counsel to the law firm of Levi Lubarsky & Feigenbaum LLP, counsel to Ravi Dattatreya.  I submit this declaration in opposition to plaintiff's motion to compel non-party Mr. Ravi Dattatreya's compliance with the subpoena *duces tecum* and *ad testificandum* (the "Subpoena").  (A copy of the Subpoena is annexed as Exhibit 1.)

2. As explained below -- while respondent maintains that its objections to the service of the Subpoena are proper, as were the objections to e-mail service of the motion to compel which commenced this action -- in an effort to resolve the motion, subject to the general and specific objections to the substance of the requests set forth below, respondent proposes to produce non-privileged documents responsive to the requests, in accordance with and pursuant to the confidentiality order issued in connection with the underlying action. As explained below, however, on behalf of respondent, I object to the deposition of Mr. Dattatreya as duplicative, unnecessary, and therefore unduly burdensome.

**The Conference with Plaintiff's Counsel to Resolve this Motion**

3. In an effort to determine whether the parties could resolve the motion consensually, on Wednesday evening I left a voice mail message with plaintiff's counsel, Mr. Lesko, asking to confer to determine whether the parties could resolve the motion. Yesterday, I was able to reach Mr. Lesko's colleague, Ms. Karen Peck, and explained to her that I wanted to propose a resolution of the motion; to confer about the scope of the 54 requests and the scope of production; and to set a schedule for production for the week of March 21; and to ask whether, under these circumstances, plaintiff would agree to withdraw the motion to compel and forego respondent's deposition. After consulting with Mr. Lesko, Ms. Peck called to inform me that plaintiff insisted on enforcement of the Subpoena as written and refused to limit the Subpoena in any way.

**Respondent's Proposal Regarding Discovery and Objections**

4. Consistent with the proposal I outlined to plaintiffs' counsel, and without waiving the objections to service of the Subpoena, I write to inform the Court that, subject to a general objection regarding the scope of the requests that renders the requests vague, ambiguous,

overbroad and unduly burdensome, and to the particular objections to Requests 14 and 24 as set forth below, respondent proposes to produce non-privileged documents responsive to the specific topics enumerated in the Subpoena, including, in particular, but not limited to, all documents relating to Stanley Mann, the Stanley Mann 2007 Insurance Trust, the Stanley Mann 20007 Family Trust and the Flexible Premium Adjustable Life Policy UM0027090L issued by plaintiff, and to do so on a rolling basis in an effort to complete production by the end of the week of March 21.

     5.     Respondent objects generally to the requests to the extent they call for production of "any and all documents . . . concerning any and all matters and/or occurrences relating to" the enumerated categories. *See* Ex. 1. This language renders each of the 54 enumerated requests vague and ambiguous, overbroad and unduly burdensome. Respondent also objects to the requests to the extent they would require the production of electronic data beyond the requirements of the Federal Rules and that would require respondent to restore otherwise inaccessible data.

     6.     More particularly, respondent objects to Requests 14, which asks for: "[All documents within your possession, custody or control . . . . concerning any and all matters and/or occurrences relating to] any and all assets held by GIII Accumulation Trust at any time from the date on which it was organized, established, authorized, chartered, and/or implemented until the present." *See* Ex. 1. On its face, this request is vague, ambiguous, overbroad, apparently including documents that are of little if any relevance, and is therefore unduly burdensome. I have also been informed that this request has previously been limited by discovery orders entered by the United States District Court for the District of Delaware to Stanley Mann, the Mann policy, and the Mann transaction. Accordingly, in response to Request 14, respondent proposes

to search for and produce only non-privileged documents concerning specifically Stanley Mann, the Stanley Mann 2007 Insurance Trust, the Stanley Mann 20007 Family Trust and the Flexible Premium Adjustable Life Policy UM0027090L issued by plaintiff.

7. Respondent also objects to Request 24, which seeks:

> [All documents ... concerning any and all matters and/or occurrences relating to] each and each and every Service Provider, Broker-Dealer and/or Verification Provider (as those terms are defined in that certain Amended and Restated GIII Origination Agreement dated as of September 25, 2006) with which GIII Accumulation Trust has done business and/or which has provided information and/or services in connection with GIII Accumulation Trust's acquisition of any beneficial and/or ownership interest in any policy of life insurance, or any trust that owns any beneficial or ownership interest in any policy of life insurance, or any trust that owns a beneficial interest in any other trust that owns any beneficial or ownership interest in any policy of life insurance, including, but not limited to, acquisition of the beneficial interest in The Stanley Mann 2007 Insurance Trust.

See Ex. 1 at 4.

8. Respondent objects to this request, on its face, as unclear, vague, ambiguous and overbroad and therefore on the grounds of relevance and because it is unduly burdensome. As written, the request appears to seek production of any document that even contains the bare mention of a Service Provider, Broker-Dealer and/or Verification Provider regardless of the relevance of the document. Accordingly, respondent asks that Request 24 be narrowed to documents relating to the business interactions of Park Venture Advisors and or Radian and/or GIII Accumulation Trust with any Service Provider, Broker-Dealer and/or Verification Provider (as those terms are defined in the Amended and Restated GIII Origination Agreement dated as of September 25, 2006).

9. Finally, respondent objects to plaintiff's motion to compel Mr. Dattatreya's deposition. Mr. Dattatreya informs me that he has no knowledge regarding Stanley Mann and has never met him or spoken to him. He had no personal involvement in any transactions

4

regarding Mr. Mann, the Stanley Mann 2007 Insurance Trust, the Stanley Mann 20007 Family Trust or the issuance of Mr. Mann's policy with plaintiff, and was not involved on that side of the business. Moreover, I am informed that plaintiff has already taken the deposition of one of the PVA principals, Mr. Grant Heller, and previously scheduled but cancelled the deposition of another, Mr. Lou Kreisberg. I respectfully submit that, under these circumstances, the deposition of Mr. Dattatreya would be duplicative, and unnecessary given his lack of personal knowledge concerning the transactions relating to Mann, and therefore unduly burdensome on Mr. Dattatreya. Accordingly, we respectfully object to plaintiff's Subpoena for Mr. Dattatreya's deposition.

**Respondent's Objections to Service of the Subpoena**

10. The proposed resolution of the motion and the production of documents as set forth above would presumably render the question of service issue moot, though the objections to service of the initial Subpoena were proper. As a threshold matter, as set forth in my letter of February 10, 2011, I objected to the initial Subpoena that was left at his home door and later mailed to him, and received by him, on February 8, and called for his deposition on February 18, 2011 and production of documents on February 11, 2011. *See* Ex. 2. I objected to the Subpoena in good faith because the method used failed to comply with the requirement for "delivery" "to a named person" as provided for in Rule 45(b)(1). *See* Ex. 2. According to one of the leading treatises on civil procedure:

> [T]he longstanding interpretation of Rule 45 has been that personal service of subpoenas is required. The use of the word "delivering" in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally. Under this construction, contrary to the practice with regard to the service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness. Moreover, unlike service of most litigation papers after the summons and complaint, service on a person's lawyer will not suffice.

5

Charles Alan Wright & Arthur R. Miller, 9A Fed. Prac. & Proc. Civ. (hereinafter "Wright & Miller") § 2454 (3d ed. Current through the 2010 Update) (collecting cases.). There is authority for this proposition in this Court. *See New Jersey Building Laborer's Statewide Benefit Funds and the Trustees Thereof v. General Civil Corporation*, Civil Action No. 08-6056 (JEI/AMD), 2009 WL 2778313, *2 (D.N.J. Sept. 1, 2009) (service by postal mail does not comport with what is required under Federal rule of Civil Procedure 45(b)(1) which mandates that **"[s]erving a subpoena requires delivering a copy to the named person . . . ."** (Emphasis added in the decision); *Vitale v. Repetti*, Civ. Action No. 05-5685 (PGS)(ES), 2007 WL 1752040, *2 (D.N.J. June 18, 2007) (upholding objection that subpoenaeing party "failed to satisfy the 'personal service' requirement of Federal Rule of Civil Procedure 45(b)(1) by 'serving' the subpboenas via ordinary mail" and failing to tender the witness and mileage fees); *see also Parker v. Doe #1*, Civ. Action No. 02-7215, 2002 WL 32107937, *2 (E.D. Pa. Nov. 21, 2002)(*citing FTC v. Compagnie de Saint-Gobain-Pont-A-Mousson*, 636 F2d 1300, 1312-13 (D.C.Cir. 1980) and holding that certified mail is not personal service.) [1] In that letter, I also objected to Subpoena on the grounds that it did not allow a reasonable time to properly object to and comply with the subpoena as set forth in Rule 45, given the February 11 production date and timeframes set forth in the Subpoena, and I set forth the general objections to the Subpoena to the extent that it sought

---

[1] In the primary case cited by plaintiff, while the court found service by certified mail to be effective, it did so in connection with service of the court's prior Order and Judgment confirming an arbitration award, and a later order which expressly stated that respondent was to comply with the Information Subpoena. *See New Jersey Building Laborers Statewide Benefit Funds and the Trustees Thereof v. Torchio Brothers Inc.*, Civ Action No 08-552, 2009 WL 2366834, * 1-2 (D.N.J. Feb 11, 2009). Further, the respondent in that case never objected to service. *Id.* Here, in contrast, the Subpoena is for discovery of a non-party, there has been no order from any court requiring compliance with the Subpoena, and respondent has objected to service. Likewise, in *Jordan v. Glass*, Civ. No 090-1715 (JHR/JS), 2010 WL 3023347, *1 (D.N.J. July 23, 2010), cited by plaintiff, the court found that service by mail was acceptable in great part because the respondent never objected to service. Clearly, that is not the case here, as I have written several letters objecting to lack of proper service of the subpoena as violative of Rule 45.

While there are other authorities that plaintiff now cites that service may be accomplished under Rule 45 absent personal service, Wright & Miller describes this as the "minority position" that "could cause confusion and may prompt clarification of the rule" but stating that personal delivery of the subpoena is the safest course ..." as personal delivery is the "longstanding interpretation." *Id.* at § 2454.

privileged documents the undue burden and expense of complying with the Subpoena, and the vagueness and overbreadth of the 54 Subpoena requests. *See* Ex. 2.

11. In reply to the letter from counsel for the plaintiff of February 14, 2011, on February 16, 2011, I reiterated the objection to service based on Rule 45 given the acknowledgement that plaintiff had relied solely on depositing and mailing the Subpoena, conceding that Mr. Dattetrya had not been personally served and based on the mailings which only confirmed the deficient nature of the attempts at personal delivery. *See* Ex. 2. I noted that the case that Ms. Peck cited did not address the question of service, but concerned only the period to comply with the Subpoena. *Id.* In my letter, I also alerted plaintiff's counsel that the plaintiff's investigator had failed to tender the mileage fee as required by Rule 45(b)(1). *Id.* According to Wright & Miller "service of the subpoena must be accompanied by tendering to the witness the fees for one day's attendance and mileage allowed by law" and "failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena." *Id.* at § 2454; citing *In Re Dennis*, 330 F.23d 696, 704 (5th Cir. 2003)("[T]he plain language of Rule 45 (b)(1) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of the subpoena. The courts uniformly agree with this interpretation of rule 45(b)(1), as do the leading treatises on civil procedure.") (Citations omitted).[2]

12. I also made clear at the time that I was not authorized to accept service of the Subpoena, a copy of which was attached to her letter. *See* Ex. 2. Unlike service of most litigation papers after the summons and complaint, service on a person's lawyer will not suffice. Wright & Miller § 2454 (collecting cases) At the same time, I again objected to the burden that would be imposed on my client and the blunderbuss nature of the requests, and the failure to

---

[2] Contrary to the suggestion in plaintiff's letter of February 18, there is no *de minimis* exception to the rule. *See In Re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003).

7

make any attempt to limit the cost or burden of the Subpoena on my client, a non-party to the underlying litigation. *Id.*

13. On February 18, 2011, after the due dates on the Subpoena, I received the letter from Ms. Peck setting forth plaintiff's position regarding the service, enclosing the mileage fee, which was sent to me, but was not actually tendered to the witness, as required by Rule 45, and was mailed to me -- after I had already noted in my earlier letter of February 16 that I was not authorized to accept service of the Subpoena. *See* Ex. 2. Ms. Peck's letter asked for a reply within three days for dates, on or before March 4, to produce documents and appear for his deposition. *Id.*

14. Sometime near the time of Ms. Peck's February 18 letter, however, plaintiff's Delaware attorney sent another subpoena dated February 18, 2011, seeking Mr. Dattatreya's deposition and production of documents on March 4, 2011. *See* Ex. 3. This attempt at service of a new subpoena, which the respondent believes was left at his house on or about February 21 and which he discovered later, appeared to me as an acknowledgement by plaintiff, albeit tacit, that the attempts at prior attempts at service were ineffective.

15. Late Friday afternoon on February 24, 2001, however, after I had left the office for the day, plaintiff e-mailed me the motion to compel that started this action seeking to enforce the earlier dated Subpoena, with no mention of the later February 18 Subpoena that included precisely the same requests and sought production of documents and a deposition on March 4. *See* Exs. 2 and 3.

16. On February 28, 2011, I acknowledged the receipt of the e-mailed version of the motion to compel on February 24, 2011, and objected to service of the motion by e-mail, noting that while Rule 5(b)(2)(E) contemplates the possibility of e-mail service, it does so only when

the person served has agreed to accept service by e-mail, and on that basis I noted the service and filing of the notice were improper. *See* Ex. 2.[3]

17. On March 2, 2011, I received the response from Ms. Peck advising of plaintiff's intent to proceed with the motion to compel without further explanation. *See* Ex. 2. That same day, after learning of plaintiff's intent to proceed with the motion to compel despite my objection to service of the motion by e-mail, I reiterated the prior general substantive objections to the underlying requests. *Id.* I also acknowledged the confusion caused by the service of the motion to compel, and the interim attempt at service of the later Subpoena dated February 18 purporting to subpoena Mr. Dattatreya with a due date of March 4. *Id.*

**Conclusion**

18. As a threshold matter, however, as set forth above, respondent's objection is that the Subpoena was admittedly not served on him by personal delivery, as I submit is required by the plain language of Rule 45 and the authorities cited above. Further, as a jurisdictional matter, the motion to compel starting this proceeding was not properly served, as it was not served on the respondent at all, but was only served by e-mail to me without my prior written consent or that of my client as required by Rule 5. Respondent therefore maintains these objections to the Subpoena. Respondent will address them further at the hearing should the parties be unable to

---

[3] The principal cases cited in plaintiff's subsequent order to show cause motion to justify service of the motion to compel by e-mail, are inapposite. In *Popular Enterprises LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560 (E.D. Tenn. 2004) the movant sought prior permission from the court under Rule 4(f)(3) relating to serving an individual in a foreign country, which expressly allows the court to permit alternate means of service, if not prohibited by international agreement. Nothing in Rule 5 permits for such service here, certainly not without a prior application and permission from the court. In this case, plaintiff made no such application to the Court. Further, in *Gaffigan v. Doe*, 689 F.Supp.2d 1332, 1342 (S.D. Fla. 2009) the court had already authorized expedited discovery and approved of service on a foreign party by e-mail, after all other means had been exhausted. Such cases do not stand for the proposition, however, that service can be accomplished simply by e-mailing the attorney with the pleading starting the action, before the attorney has even appeared in the action, and particularly after making clear that the attorney was not authorized to accept service of such pleadings either by e-mail or otherwise.

resolve the motion based on respondent's proposal to produce documents in response to the Subpoena, subject to the objections as set forth above.

Dated: March 11, 2011

/s/ *Andre G. Castaybert, Esq.*
Andre G. Castaybert, Esq.