UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

AMERICAN GENERAL LIFE INSURANCE COMPANY

    Plaintiff,

vs.

STANLEY MANN, THE STANLEY MANN 2007 INSURANCE TRUST, CHRISTIANA BANK & TRUST CO., as Trustee, and JOHN DOES 1-10,

    Defendants.

Misc. No. 2:11-cv-01057 (PGS)(ES)

(Case Pending in the District of Delaware)
(Civil Action No: 1:09-cv-00434-GMS)

**ORDER**

---

THIS MATTER having been brought before the Court upon motion of American General Life Insurance Company ("American General"), by and through its counsel, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, for an order compelling compliance with a subpoena *duces tecum* and *ad testificandum* served upon non-party Ravi Dattatreya ("Dattatreya"); and the Court having considered opposition to the motion submitted on behalf of Dattatreya, by and through his counsel, Forman Holt Eliades & Ravin, LLC and Levi Lubarsky & Feigenbaum, LLP; and the Court also having considered opposition submitted on behalf of defendants Stanley Mann and the Stanley Mann 2007 Insurance Trust, by and through their counsel, Proskauer Rose, LLP; and the Court having heard oral argument presented by each of the foregoing counsel on this date; and for good cause shown, as more fully explained on the record of proceeding on this date;

IT IS on this 18th day of March 2011 hereby

ORDERED that:

1152686.1

1. Dattatreya shall produce all documents within his possession, custody or control that were drafted, created, revised, and/or transmitted at any time between January 1, 2006 and October 1, 2006 relating to the formation, execution, amendment and/or restatement of *The GIII Accumulation Trust Trust Agreement by and between Dariconic, as Grantor and Wells Fargo Bank, N.A. as Trustee* dated May 5, 2006 ("the GIII Trust") and/or the *GIII Origination Agreement by and among The GIII Accumulation Trust, Radian Funding, LLC and Wells Fargo Bank, N.A.* dated May 5, 2006 ("Origination Agreement"), including but not limited to all drafts of said agreements and exhibits thereto and all correspondence related thereto;

2. If Dattatreya is unable to locate and produce to American General a complete copy of Exhibit H to the Origination Agreement and Exhibit D to the GIII Trust, then Dattatreya shall also produce a true and correct copy (with personal identifying information redacted) of the insurance trust established by or on behalf of the insured who, either personally or through another trust, transferred to GIII the beneficial interest in the insurance trust that served as owner and beneficiary of a policy of life insurance insuring his life, which transfer was completed under the terms and provisions of the Origination Agreement;

3. Dattatreya shall also produce all documents within his possession, custody or control that relate in any way to Stanley Mann's application for life insurance submitted to American General, the Stanley Mann 2007 Insurance Trust, the Stanley Mann 2007 Family Trust, the Amended and Restated Trust Agreement of Stanley Mann 2007 Insurance Trust Dated, and/or transfer of the beneficial interest in any life insurance trust of which Stanley Mann was settlor to GIII Accumulation Trust;

4.  Dattatreya shall commence production of the documents described herein on Monday, March 21, 2011 and continue producing the documents on a rolling basis as documents are located until production of all of the documents described herein is complete; production of all of the documents described herein shall be completed no later than Wednesday, March 23, 2011;

5.  Dattatreya shall appear and submit to deposition questioning no later than Friday, March 25, 2011; and

6.  The Court will conduct a telephone status conference on Wednesday, March 23, 2011 at ~~4:30~~ 3:00 p.m.  Counsel for American General shall arrange the call.

_____
Esther Salas, U.S.M.J.