UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>ESTHER SALAS<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4887 |

April 1, 2011

### LETTER ORDER

Re:   American General Life Insurance Co. v. Stanley Mann, et al.
       Civil Action No. 11-cv-1057 (PGS)

Dear Counsel:

The undersigned is in receipt of Plaintiff American General Life Insurance Company's ("Plaintiff") Motion to Seal Exhibits A, C through F and I filed in support of Plaintiff's Motion to Compel (Docket No. 2 the "Motions"). For the reasons set forth below, the Motion is **granted in part and denied in part.**

The Third Circuit recognizes "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). There is a "presumptive right of public access to pretrial motions of a non-discovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 156, 164 (3d Cir. 1993). The right of public access is "not absolute," but must be weighed against the parties' interests in secrecy. *Id.* at 165.

Local Civil Rule 5.3(c) requires the party moving to seal an otherwise publicly-available document to show:

(a) the nature of the materials or proceedings at issue;
(b) the legitimate private or public interests which warrant the relief sought;
(c) the clearly defined and serious injury that would result if the relief sought is not granted; and
(d) why a less restrictive alternative to the relief sought is not available.

The Court is satisfied that the parties have established that there is a legitimate interest which warrants the sealing of Exhibit A, Exhibits C through E and Exhibit I; that there is a clearly defined and serious injury that would result if Exhibit A, Exhibits C through E and Exhibit I are not sealed; and that the proposed sealing and/or redaction of Exhibit A, Exhibits C through E and Exhibit I is

the least restrictive means available. Therefore, the Exhibit A, Exhibits C through E and Exhibit I shall be sealed.

The Court, however, denies the Motion as to Exhibit F as Plaintiff has failed to demonstrate that there is no less restrictive alternative to sealing the Exhibit in its entirety. The Court's review demonstrates that this document can be redacted to preserve the confidential information as opposed to sealing the document as a whole. Plaintiff may refile a Motion to Seal as to Exhibit F.

The Clerk of the Court is directed to terminate the Motion to Seal, Docket No. 2.

**SO ORDERED**.

                                                                               **s/Esther Salas**
                                                                               **Esther Salas, U.S.M.J**